JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON ALAN,<br><br>                Plaintiff,<br><br>          v.<br><br>SECURITY CREDIT SERVICES, LLC, <u>et al.</u>,<br><br>                Defendants. | Case No. CV 17-1898 FMO (FFMx)<br><br>**ORDER DISMISSING ACTION AGAINST OPT OUT SERVICES LLC WITHOUT PREJUDICE** |

Plaintiff filed his state-court complaint on February 10, 2017, (<u>see</u> Dkt. 1, Notice of Removal ("NOR") at ¶ 2; Dkt 1-1, Complaint), which was removed by certain defendants on March 9, 2017. (<u>See</u> Dkt. 1, NOR). By order dated April 19, 2017, plaintiff was ordered to show cause ("OSC"), on or before April 25, 2017, why the remaining defendant[1] – Opt Out Services LLC – should not be dismissed for lack of prosecution for failure to complete service of the summons and complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure.[2] (<u>See</u> Dkt. 20, Court's Order of April 19, 2017). Plaintiff was admonished that "[f]ailure to file a timely response to th[e] Order to Show Cause may result in Opt Out Services LLC being dismissed for lack of prosecution and for failure to comply with the orders of the court, pursuant to Fed. R. Civ. P. 41(b); <u>Link v. Wabash</u>

---

[1] The two other defendants named in the Complaint have been dismissed. (<u>See</u> Dkt. 17 & 19).

[2] Unless otherwise indicated, all "Rule" references are to the Federal Rules of Civil Procedure.

R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)." (Id.). Plaintiff did not respond to the OSC by the April 25, 2017 deadline. (See Dkt. 23, Court's Order of May 3, 2017).

Accordingly, on May 3, 2017, the court issued another order and reiterated that "[a]bsent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m)." (See Dkt. 23, Court's Order of May 3, 2017). The court granted plaintiff one final opportunity to comply with Rule 4(m), and set May 12, 2017, as the deadline for plaintiff to file a proof of service with respect to Opt Out Services LLC. (See id.). The court "admonished [plaintiff] that failure to respond to the OSC or file a proof of service by the May 12, 2017, deadline will result in the action being dismissed without prejudice for lack of prosecution and/or failure to comply with the orders of the court." (Id.) (citing Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388) (emphasis added). As of the date of this Order, plaintiff has not filed a proof of service nor a response to the OSC. (See, generally, Dkt.).

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant[.]" If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the court must extend the time for accomplishing service. See id.; see also Muhammed v. Dep't of Treasury, 1998 WL 986245, *3 (C.D. Cal. 1998). The burden of establishing good cause is on the plaintiff. Muhammed, 1998 WL 986245, at *4. The "good cause" exception to Rule 4(m) "applies only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of governing rules[.]" Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992); see also Townsel v. Contra Costa Cty., Cal., 820 F.2d 319, 320-21 (9th Cir. 1987) (holding that ignorance of Rule 4 is not good cause for untimely service and affirming dismissal under Rule 4(m), even though the statute of limitations had run).

In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915

1 (1992) (district court may dismiss action for failure to comply with any court order).  Dismissal,

2 however, is a severe penalty and should be imposed only after consideration of the relevant

3 factors in favor of and against this extreme remedy.  Thompson v. Housing Authority of Los

4 Angeles, 782 F.2d 829, 831 (9th Cir.) (per curiam), cert. denied, 479 U.S. 829 (1986).  These

5 factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need

6 to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

7 disposition of cases on their merits and (5) the availability of less drastic sanctions."  Id. (citing

8 Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

9      Pursuant to Rules 4(m) and 41(b) and the Court's inherent power to achieve the orderly and

10 expeditious disposition of cases, see Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the

11 factors outlined in Henderson, supra, dismissal of unserved defendant Opt Out Services LLC from

12 this action without prejudice for failure to effect service and comply with the Court's Orders to

13 Show Cause issued on April 19, 2017, and May 3, 2017, is appropriate.

14 Dated this 22nd day of May, 2017.

15

16                                        /s/
                                 Fernando M. Olguin

17                              United States District Judge

18

19

20

21

22

23

24

25

26

27

28